LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01928 BRO (AJWx)** | Date | March 20, 2015 |
|---|---|---|---|
| Title | **GINTARAS VILUTIS V. NRG SOLAR ALPINE, LLC ET AL** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Gintaras Vilutis ("Plaintiff") initiated this lawsuit on March 16, 2015, invoking this Court's diversity jurisdiction. (Dkt. No. 1.) After reviewing the Complaint, it is not clear to the Court that diversity jurisdiction exists.

A federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332(a)(1). The party asserting diversity jurisdiction under § 1332 bears the burden of proof. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

Under the complete diversity rule, a plaintiff must meet the diversity statute's requirements with respect to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). In other words, to demonstrate complete diversity among the parties, the plaintiff must be a citizen of a state different from the states of citizenship of all the defendants. *Id.* An individual is deemed to be a citizen of his or her state of domicile. *Lew*, 797 F.2d at 749–50. "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intend[s] to remain there permanently or indefinitely." *Id.* (internal quotation marks and alterations omitted). A corporation is deemed a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). A limited liability company is considered to be a citizen of every state of which its owners or

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01928 BRO (AJWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | GINTARAS VILUTIS V. NRG SOLAR ALPINE, LLC ET AL | | |

members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

From the face of the Complaint, it is not clear that complete diversity exists among the various parties to this case. Critically, Plaintiff has not alleged a state of domicile. (*See generally* Compl.) Accordingly, Plaintiff's citizenship is unclear.

Additionally, some of Plaintiff's allegations regarding the citizenship of the named defendants are incomplete. For example, Plaintiff alleges that Defendant NRG Solar Alpine, LLC ("NRG") is a limited liability company organized under New Jersey law. (Compl. ¶ 1.) But Plaintiff does not identify NRG's members or owners, nor does Plaintiff allege the states of citizenship of the entity's unidentified owners or members. Plaintiff's allegations regarding other entity defendants, such as the Fairmount Town Council, Berkshire Hathaway Energy Company, and MidAmerican Renewables, Inc., are similarly deficient. (*See* Compl. ¶¶ 3, 9, 10.)

Finally, assuming Plaintiff is a citizen of the State of California, it appears that complete diversity may be lacking. Plaintiff alleges that several defendants are individuals residing in California. (*See, e.g.*, Compl. ¶¶ 2, 4, 5, 6, 7, 8.) The Court is mindful that an individual's residence may not be determinative of his or her state of domicile. *See Lew*, 797 F.2d at 749–50. But if even one defendant alleged to reside in California is domiciled there, and if Plaintiff is also domiciled in California, complete diversity is lacking.

Accordingly, Plaintiff is **ORDERED to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction**. Plaintiff's response to this Order must clearly and completely allege Plaintiff's own citizenship, as well as the citizenship of each named defendant. Plaintiff's response to this Order shall be filed **by no later than Wednesday, March 25, 2015, at 4:00 p.m.**

**IT IS SO ORDERED.**

:

Initials of Preparer      rf